UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDERSHAW & ASSOCIATES,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>NORMAN HAMMERLORD,<br><br>　　　　　　　　　Defendant. | CASE NO. 11cv2220-MMA (BGS)<br><br>**ORDER SUA SPONTE REMANDING ACTION TO STATE COURT**;<br><br>**DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>[Doc. No. 3] |

　　　　On September 23, 2011, Defendant Norman Hammerlord filed a notice of removal of an unlawful detainer action brought by Plaintiff Hendershaw & Associates. *See* Doc. No. 1. After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. Therefore, for the following reasons, the Court **REMANDS** this action to state court.

### DISCUSSION

　　　　Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of

establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

Defendant does not specifically allege the statutory basis for removal in his notice of removal. However, the Court *sua sponte* must consider whether jurisdiction exists. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider sua sponte whether it has subject matter jurisdiction). First, federal question jurisdiction is absent because no "federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Plaintiff's form complaint asserts a single claim for unlawful detainer, a cause of action that is purely a matter of state law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.

In addition, diversity jurisdiction is absent. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See* 28 U.S.C. § 1332(a). Defendant's notice of removal fails to establish Plaintiff's state of incorporation or principal place of business. Also, from the face of Plaintiff's complaint, it is apparent that Defendant will be unable to prove that the amount in controversy exceeds $75,000, exclusive of attorneys fees and costs, as Plaintiff seeks less than $10,000. Thus, diversity jurisdiction is lacking.

Finally, Defendant states in the notice of removal that this action is related to another case currently pending in federal court. *See Notice of Removal*, citing Civil Case No. 11cv1572-WQH (POR). To the extent Defendant is relying upon the purported related nature of these matters as a basis for removal, he may not do so. *See Wescom Credit Union v. Dudley*, 2010 U.S. Dist. LEXIS 130517 (C.D. Cal. Nov. 22, 2010), citing *Fabricius v. Freeman*, 466 F.2d 689, 693 (7th Cir. 1972) ("That a related case was pending in federal court was not in itself sufficient grounds for removal under 28 U.S.C. § 1441."). Furthermore, to the extent Defendant may be requesting consolidation of

1 these cases, Federal Rule of Civil Procedure 42 allows the court to consolidate actions with a
2 common question of law or fact, but only if both actions are properly before the court. *See* Fed. R.
3 Civ. P. 42(a)(2). As the Court does not have subject matter jurisdiction over this action, the Court
4 cannot consolidate this action with Civil Case No. 11cv1572. *Oregon Egg Producers v. Andrew*,
5 458 F.2d 382, 383 (9th Cir. 1972) ("Rule 42 applies to cases that are properly before the same
6 court.").

## CONCLUSION

Based on the foregoing, the Court lacks subject matter jurisdiction over this matter and therefore **REMANDS** the case to state court. Defendant's motion to proceed *in forma pauperis* [Doc. No. 3] is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: September 26, 2011

Hon. Michael M. Anello
United States District Judge