1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   HENDERSHAW & ASSOCIATES,                      CASE NO. 11cv2220-MMA (BGS)

12                                    Plaintiff,

13                     vs.                          **ORDER SUA SPONTE REMANDING
                                                     ACTION TO STATE COURT**;
14
                                                    **DENYING MOTION TO PROCEED
15   NORMAN HAMMERLORD,                              IN FORMA PAUPERIS AS MOOT**

16                                    Defendant.     [Doc. No. 3]

17          On September 23, 2011, Defendant Norman Hammerlord filed a notice of removal of an

18   unlawful detainer action brought by Plaintiff Hendershaw & Associates. *See* Doc. No. 1.  After

19   reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks

20   subject matter jurisdiction over this case.  Therefore, for the following reasons, the Court

21   **REMANDS** this action to state court.

22                                    <u>**DISCUSSION**</u>

23          Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28

24   U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.  If at any time

25   before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a

26   case removed from state court, it must remand the action to state court.  *See* 28 U.S.C. § 1447(c);

27   *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72 (1991).  There is a "strong

28   presumption" against removal jurisdiction, and the party seeking removal always has the burden of

1    establishing that removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  If there

2    is any doubt as to the propriety of removal, federal jurisdiction must be rejected.  *Id.* at 567.

3         Defendant does not specifically allege the statutory basis for removal in his notice of

4    removal.  However, the Court *sua sponte* must consider whether jurisdiction exists.  *See Valdez v.*

5    *Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider

6    sua sponte whether it has subject matter jurisdiction).  First, federal question jurisdiction is absent

7    because no "federal question is presented on the face of plaintiff's properly pleaded complaint."

8    *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Here, Plaintiff's form complaint asserts a

9    single claim for unlawful detainer, a cause of action that is purely a matter of state law.  *See Fannie*

10   *Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer

11   actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*,

12   2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim

13   for unlawful detainer, a cause of action that is purely a matter of state law").  Thus, from the face of

14   the complaint, it is clear that no basis for federal question jurisdiction exists.

15        In addition, diversity jurisdiction is absent.  For a federal court to exercise diversity

16   jurisdiction, there must be "complete" diversity between the parties and the amount in controversy

17   requirement must be met.  *See* 28 U.S.C. § 1332(a).  Defendant's notice of removal fails to establish

18   Plaintiff's state of incorporation or principal place of business.  Also, from the face of Plaintiff's

19   complaint, it is apparent that Defendant will be unable to prove that the amount in controversy

20   exceeds $75,000, exclusive of attorneys fees and costs, as Plaintiff seeks less than $10,000.  Thus,

21   diversity jurisdiction is lacking.

22        Finally, Defendant states in the notice of removal that this action is related to another case

23   currently pending in federal court.  *See Notice of Removal*, citing Civil Case No. 11cv1572-WQH

24   (POR).  To the extent Defendant is relying upon the purported related nature of these matters as a

25   basis for removal, he may not do so.  *See Wescom Credit Union v. Dudley*, 2010 U.S. Dist. LEXIS

26   130517 (C.D. Cal. Nov. 22, 2010), citing *Fabricius v. Freeman*, 466 F.2d 689, 693 (7th Cir. 1972)

27   ("That a related case was pending in federal court was not in itself sufficient grounds for removal

28   under 28 U.S.C. § 1441.").  Furthermore, to the extent Defendant may be requesting consolidation of

1  these cases, Federal Rule of Civil Procedure 42 allows the court to consolidate actions with a

2  common question of law or fact, but only if both actions are properly before the court.  *See* Fed. R.

3  Civ. P. 42(a)(2).  As the Court does not have subject matter jurisdiction over this action, the Court

4  cannot consolidate this action with Civil Case No. 11cv1572.  *Oregon Egg Producers v. Andrew*,

5  458 F.2d 382, 383 (9th Cir. 1972) ("Rule 42 applies to cases that are properly before the same

6  court.").

7  **CONCLUSION**

8        Based on the foregoing, the Court lacks subject matter jurisdiction over this matter and

9  therefore **REMANDS** the case to state court.  Defendant's motion to proceed *in forma pauperis*

10  [Doc. No. 3] is **DENIED AS MOOT**.

11        **IT IS SO ORDERED**.

12  DATED:  September 26, 2011

13

14  Hon. Michael M. Anello
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28